1  McGREGOR W. SCOTT
   United States Attorney
2  KELLI L. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2741

5  Attorneys for the United States

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )  CASE NO.2:07-cv-02172-FCD-EFB
                                     )
12                                   )
    Plaintiff,                       )  ORDER FOR DELIVERY OF
13                                   )  POSSESSION
              v.                     )
14                                   )
    12.94 ACRES OF LAND IN THE       )
15  COUNTY OF SOLANO; BILL C. AND    )
    BETTY L. MAHER,                  )
16  TRUSTEES OF THE MAHER FAMILY     )
    TRUST OF 1988; ROY AND DAWN      )
17  LUNDHOLM; BANCOR PROPERTIES,     )
    MIKE BANDUCCI; TED AKSNES;       )
18  SOLANO GREEN ACRES LLC;          )
    HONORABLE ARNOLD SCHWARZENEGGER, )
19  GOVERNOR OF THE STATE OF         )
    CALIFORNIA; BILL LOCKYER,        )
20  CALIFORNIA STATE ATTORNEY        )
    GENERAL; CHARLES RAMSEY, COUNTY  )
21  CLERK; CHARLES A. LOMELI,        )
    ASSISTANT TREASURE; SKIP         )
22  THOMSON, ASSESSOR; ABC           )
    COMMUNICATIONS; AND UNKNOWN      )
23  OWNERS,                          )
                                     )
24  _____
    Defendants.
25        This action comes on for an ex parte hearing via motion by

26  Plaintiff, the United States of America, for an ORDER for the

27  surrender of the possession of the 12.94 acres of property described

28  in the Complaint in Condemnation filed in this action.  Entry of an

                                1

order for possession is appropriately done via ex parte application. *United States v. 0.95 Acres of Land,* 994 F. 2d 696, 698 (9th Cir. 1993).  Based on Plaintiff's Memorandum of Points and Authorities, Declaration, and Exhibits, it appears that Plaintiff is entitled to possession of said property.

On October 12, 2007 the United States filed a Declaration of Taking and deposited two hundred and sixty one thousand dollars into the registry of the Court.  Under the Declaration of Taking Act, 40 U.S.C. section 3114 (formerly 40 U.S.C. section 258a), upon the filing of the Declaration of Taking and the deposit of estimated just compensation, title to the property described in the declaration is vested in the United States.  The primary purpose of the Declaration of Taking Act is to give the government immediate possession of the property and give the owner immediate compensation, in the form of estimated value in return for title to the land. *United States v. Miller,* 317 U.S. 369 (1943).  Thus, upon the filing of the Declaration of Taking, the United States is entitled to possession. *United States v. Cobb,* 328 F. 2d 115 (9th Cir. 1964); *Narramore v. United States,* 960 F. 2d 1048, 1050 (9th Cir. 1992).

The United States confirms that it needs immediate possession of the property in order to complete the environmental assessment and investigation that is a prerequisite for commencing construction of the South Gate improvements.  The South Gate improvement are necessary to improve the safety of personnel and security of the Travis Air Force Base.  There are no other areas outside of this 12.94 acre parcel that require any construction work for the entry gate improvement project.  The entire project requires the land acquisition and possession be completed before Plaintiff can move

2

forward with any construction.

Plaintiff cannot conduct its investigation without access to and possession of the property.  Plaintiff can, however, conduct its investigation without any interference with the current tenant.

Accordingly, IT IS HEREBY ADJUDGED that all Defendants in this action, and all persons in possession or control of the property, described in Plaintiff's Complaint in Condemnation shall immediately surrender possession of said property to Plaintiff upon service of a copy of this Order.  IT IS FURTHER ORDERED THAT Defendants Roy and Dawn Lundholm can continue to occupy the residence on the property until January 19, 2008.

IT IS SO ORDERED.

Date: December 10, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE